## Ex parte JOE B. HARDWICK.

No. A-1784.   Opinion Filed July 16, 1912.

(124 Pac. 947.)

1.  **BAIL—Determination of Application for Bail—Feature of Self-Defense.**  Ordinarily it is not necessary to discuss the law of self-defense on an application for bail in a murder case, because under our Constitution a party so charged is entitled to bail as a matter of right, unless the proof is evident or the presumption is great that he is guilty of a capital offense.

2.  **SAME—Evidence.**  See opinion for statement under which applicant could not be legally convicted for a greater offense than manslaughter in the first degree.

(Syllabus by the Court.)

Application by Joe B. Hardwick, confined in the jail of Marshall county on a charge of murder, for writ of *habeas corpus.* Writ granted, and bail fixed at $15,000.

*Kennamer & Coakley,* for petitioner.

*J. O. Minter,* Co. Atty., for the State.

FURMAN, P. J.   The homicide in this case occurred on the 29th day of June, 1912, at a picnic near the town of Madill, in Marshall county, Okla.   Petitioner is city marshal of the town of Kingston, in Marshall county.

The evidence in the case is voluminous, but it may be summarized as follows:   There had been bad blood between petitioner and deceased for some time.   Deceased was drinking on the day of the homicide.   In fact, one of the state's witnesses testified that deceased was very drunk, and that on this account said witness shunned him.   A number of witnesses testified that at different times during the day deceased was heard to express hostile feelings toward petitioner and threatened to kill petitioner; that deceased had with him a knife which he carried open in his hand.   Petitioner was informed of these threats.   The affidavits of nine persons, some of whom are known to members

of this court as being entirely worthy of credit, were filed. They swore that deceased when drinking was a very quarrelsome, dangerous man. After the homicide was committed, when the body of deceased was examined, a knife with the blade open was found in the pants pocket of deceased. There is practically no dispute as to the above matters. There is a conflict, however, in the testimony as to the circumstances immediately attending the killing.

In view of the reputation of deceased as being a dangerous man when drinking, of the threats which he had made against petitioner, the fact that he had been following petitioner around with an open knife in his hand, and the fact that his knife was found open in his pants pocket after the killing, we do not believe that, taking the strongest view of the credible testimony for the state, petitioner could be legally convicted of more than manslaughter. Petitioner testified that at the time of the shooting deceased was coming toward him with his hand in his pants pocket, looking at the petitioner in a very angry manner. In a negative manner this testimony was contradicted by the evidence for the state. In fact, the testimony as to just what occurred at the time of the homicide is by no means clear. We base our order allowing bail upon the other facts in connection with the uncertainty as to what did occur at the time of the killing. It is true that there is an affidavit in the record to the effect that petitioner had made threats against the deceased; but, in view of the entire evidence in the record, the statements contained in this affidavit do not commend themselves to the court.

It is not necessary to discuss the law of self-defense, because under our Constitution petitioner is entitled to bail as a matter of right, unless the proof is evident or the presumption is great that he is guilty of a capital offense. We express no opinion as to the question of justification.

It is ordered by the court that petitioner be admitted to bail in the sum of $15,000, to be approved by the clerk of the district court of Marshall county, Okla., to await final trial on the charge pending against him.

ARMSTRONG and DOYLE, JJ., concur.